## CIRCUIT COURT OF HENRICO COUNTY

State Highway Dept.

v.

J. Farrar Pace et al.

June 26, 1979

Case No. 945

By JUDGE E. BALLARD BAKER

This relates to the surety bond which may be required prior to the withdrawal of funds under section 25-46.30.

By Order of July 8, 1977, the landowners were paid $88,612.00, the amount estimated by the Highway Department to be the fair value of the land acquired by the Highway Department in this condemnation. This payment was pursuant to section 33.1-124. The Order provided that the Highway Department would be entitled to judgment in the event the condemnation award was less, and the landowners failed to repay the excess received.

On February 5, 1979, the case was tried. The Commissioners returned an award of $140,766.00, of which $3,562.00 was damages to the residue. On April 2, 1979, exceptions by the landowner were overruled and the Highway Department was directed to deposit $57,538.00, the excess over $88,612.00 plus interest. This was done, and the Court had the money deposited in a savings and loan association.

The landowners have noted an intent to appeal only the damages to the residue, and have filed application to withdraw the $57,538.00 plus interest. The application makes no provision for surety.

Section 25-46.30 controls. It says:

At any time after payment into Court of the sum ascertained in the report of the award of just compensation, notwithstanding the fact that . . . an appeal has been taken . . . a party . . . may apply . . . for the withdrawal pendente lite of all . . . of the amount deposited for his interest in the property to be taken or damaged. If such application requests withdrawal of an amount in excess of fifty percent of such owner's pro rata share of the amount deposited as aforesaid, the court may require the applicant, before withdrawing any of such excess, to give . . . a bond . . . with surety . . . that they are bound to the petitioner in such amount as fixed by the court, but not to exceed double the amount of such excess, for the return of the amount withdrawn that exceeds the amount to which the owner is entitled as finally determined in the condemnation proceeding, together with interest.

The amount the owners seek to withdraw is $57,538.00. While the appeal is directed only to the $3,562.00 award for damages to the residue, the final order did confirm the total award. Unlikely though it may be, at this moment it cannot be held that the case will not be sent back for full retrial, which would mean that the $57,538.00 deposited by the Highway Department after April 2, 1979, would not belong to the owners. Another trial would be necessary to determine just compensation.

In this case, the Highway Department, by Orders of July 8, 1977, and April 2, 1979, paid to the Clerk of this Court $88,612.00 and $57,538.00. The $88,612.00 was endorsed over to the landowners; the $57,538.00 was put in a savings and loan association. This $146,350.00 is the owners' share, plus interest, as a result of the condemnation.

The owners say that only $57,538.00 was deposited after the award and that is the only amount of money presently under control of the court. The owners also say that the language "withdrawal . . . of all . . . his share . . . of the amount deposited for his interest in

the property." refers only to the amount deposited after the award. The owners then urge that the provision with respect to the bond applies only where the owner desires to withdraw over fifty percent of the amount deposited.

The precise language relating to the bond is as follows:

> If such application requests withdrawal of an amount in excess of fifty percent of such owner's pro rata share of the amount deposited as aforesaid, the court may require the applicant, before withdrawing any of such excess, to give . . . bond . . . with surety . . . to the effect that they are bound to the petitioner in such amount as fixed by the court, but not to exceed double the amount of such excess, for the return of the amount withdrawn that exceeds the amount to which the owner is entitled as finally determined . . . together with interest.

It can be argued, as the owners do, that the literal meaning of "deposited" or "deposited as aforesaid" refers only to what was deposited after the award. It is of some interest to note that this same section, 25-46.30, is the section under which pre-trial deposits under Section 25-46.8 may be withdrawn.

It seems to me that a consideration of the purpose of the bond which may be required is most important. The bond is to assure that the owner pays back to the petitioner any amount received over the amount finally determined to be proper. While any bond is discretionary, and none is required if less than 50% is to be withdrawn, the court, in the exercise of its discretion, where more than fifty percent is to be withdrawn, should assure that any portion of the excess over fifty percent can be repaid.

Here, if this case is retried on all issues, unlikely though that may be, there is no assurance that the owner would receive an award of $140,766.00. At the trial, the Highway Department witness put the owners loss at $98,900.00, all in the take and none in the damages. How can anyone say that on retrial another commission would give more than $98,900.00. The owners recognize that possibility and that is a reason they seek to appeal

only that portion of the award relating to damages to the residue.

Until it is determined that only the damages to the residue will be affected by any appeal which may be granted, the Court cannot release $57,538.00 with no bond.

In my view, the word "deposited" in section 25-46.30 means the total amount paid into or through the Court in the condemnation proceeding. The owners desire to withdraw $57,538.00, making the total they will have received $146,150.00. It is possible, though extremely unlikely, that the amount finally determined will be considerably less. How much less, no one can say. As the owners have already withdrawn more than fifty percent, I think a bond is required. Under the circumstances, and considering the extreme unlikelihood of any award less than $98,900.00, I think the bond should be for $47,250.00, plus 10%.

If I accepted the owners' position as to the amount "deposited", I would recognize their entitlement to one-half, or $28,769.00, without bond. However, in order to assure that the owners would not receive an amount in excess of that "finally determined" in the case, I would require the same amount of bond as noted above.

In the event it is clearly established that any retrial of this case will affect only the damages to the residue and that the value of the take will not be disturbed, then the matter can be reconsidered.